## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CONRAD SMITH, DANNY MCELROY, BYRON EVANS, GOVERNOR LATSON, MELISSA MARSHALL, MICHEAL FORTUNE, JASON DEROCHE, and REGINALD CLEVELAND,<br><br>*Movants*,<br><br>v.<br><br>CAROLINE WREN,<br><br>*Respondent*. | Misc. Case No. 9:24-mc-81074-DMM<br><br>Re: Civil Action No. 1:21-cv-02265, Action pending in the United States District Court for the District of Columbia, Hon. Amit P. Mehta |

## MOVANTS' MOTION FOR CONTEMPT AND SANCTIONS AGAINST RESPONDENT

Pursuant to Fed. R. Civ. P. 45(g), movants Conrad Smith, Danny McElroy, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Movants")[1] respectfully move the Court for entry of an Order of Contempt and for Sanctions against Respondent Caroline Wren for her failure to comply with this Court's April 29, 2025 Order (DE 16) directing her to produce documents responsive to Movants' non-party subpoena *duces tecum* dated April 25, 2024 (the "Subpoena," attached as **Exhibit 1**), issued by the United States District Court for the District of Columbia, and properly served on Ms. Wren in this District in connection with the pending civil action *Smith, et al. v. Trump, et al.*, Case No. 21-cv-02265-APM (D.D.C.) (the "Underlying Action" or "*Smith*").  As set forth below, Respondent has failed to comply with the Court's April 26, 2025 Order in its entirety.

---

[1] Byron Evans is no longer a Plaintiff in the Underlying Action.  *See Smith,* DE 361.

## I.      Background

### A.      The Underlying Action

Movants are United States Capitol Police Officers who suffered injuries as a result of the January 6, 2021 attack on the United States Capitol (the "January 6 Attack"). Movants filed the Underlying Action against former president Donald J. Trump ("Defendant Trump"), his 2020 presidential campaign entity Donald J. Trump for President, Inc. (the "Trump Campaign"), Stop the Steal LLC, and others for their roles in connection with the January 6 Attack. *See Smith*, DE 89. Movants' claims in the Underlying Action include conspiracy to interfere with civil rights under 42 U.S.C. § 1985, battery, and assault. *See id.* Fact discovery in the Underlying Action was scheduled to conclude by July 28, 2025, but on May 13, 2025, was stayed until the *Smith* Court resolves Defendant Donald J. Trump's pending motion for summary judgment on the ground of presidential immunity and Movants' motion to strike the United States's notices of substitution of itself for Defendant Trump as to tort claims arising under District of Columbia Law. *See Smith*, DE 393.

### B.      Ms. Wren's Relevance to the Underlying Action

Ms. Wren is a Republican fundraiser who was closely involved in organizing the Save America Rally at the Ellipse in Washington, D.C., on January 6, 2021 (the "Rally"). *See* H.R. Rep. No. 117-663, 648 (2022), *available at* https://www.govinfo.gov/content/pkg/GPO-J6-RE-PORT/pdf/GPO-J6-REPORT.pdf (the "Select Committee Report"). On December 22, 2022, Julie Fancelli, a long-time donor to Defendant Trump, reached out to Ms. Wren regarding a donation to promote the Rally and increase attendance. *Id.* at 532. Ms. Wren then became heavily involved in planning the Rally and surrounding logistics. Indeed, she was listed as a "VIP ADVISOR" on the permit for the Rally. *See* Jacqueline Alemany, et al., *Backstage Drama at Jan. 6 Rally for Trump Draws Interest of House Committee*, Wash. Post (Feb. 26, 2022), https://www.washing-

tonpost.com/politics/2022/02/26/trump-pierson-wren/ (**Exhibit 2**). As part of that work, she coordinated with several of the planners about the Rally, including: Taylor Budowich, personal aide to Defendant Trump and Communications Director for Save America PAC; Kimberly Guilfoyle, Defendant Trump's son's girlfriend and a speaker at the Rally; Ali Alexander, national organizer and leader of Stop the Steal LLC; and Kylie Kremer of Women for America First, a primary organizer for the Rally. *See* Caroline Wren Dep.[2] Tr. 61:23-62:16 (Dec. 17, 2021) (excerpts attached as **Exhibit 3**); *see also* Select Committee Report at 532.

Ms. Wren acted as a key contact between Defendant Trump, the Trump Campaign, and event organizers such as Women for America First. Ms. Wren exchanged plans for the event with Katrina Pierson, an advisor to the Trump Campaign, and Justin Caporale, Defendant Trump's former staffer who was closely involved in planning the Rally. Select Committee Report at 533. They both texted her in advance of the Rally that Defendant Trump intended to start a march to the Capitol. *Id.* Ms. Wren and Mr. Caporale texted about when Defendant Trump would direct the march to the Capitol during the Rally. *See* Justin Caporale Dep. 44:1-19 (Mar. 1, 2022) (excerpt attached as **Exhibit 4**). Ms. Wren helped arrange for Ali Alexander, the leader of the Stop the Steal movement, to promote the Rally. *Id.* at 532. Ms. Wren worked on the initial speaker list for the Rally, suggesting Mr. Alexander, Roger Stone, and Alex Jones—two other individuals associated with the Stop the Steal movement—as speakers. *See* **Exhibit 2**. Ms. Wren also prepared the speech that Ms. Guilfoyle gave at the Rally. *See* Wren Dep. at 215:20–216:5 (excerpt attached as **Exhibit 3**). On January 6, 2021, during the Rally, Ms. Wren even communicated with Mr. Alexander—

---

[2] The United States House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") deposed or interviewed numerous individuals relevant to the January 6 Attack. The transcripts from those depositions and interviews are publicly available, and Movants relied on information in Ms. Wren's transcript to identify facts relevant to their claims, which informed the requests in the Subpoena.

among others—regarding exact logistics for marching to the Capitol. Select Committee Report at 648.

### C.     Movants' Subpoena to Ms. Wren

Based on her involvement with the Rally, Movants identified Ms. Wren as a third-party subpoena target who can provide information relevant to Movants' claims. The Subpoena requests documents regarding the Rally, including planning the programming, fundraising, communications about planning, the VIP section, security, and encouraging attendance. *See* **Exhibit 1**.

### D.     Ms. Wren Failed to Respond to the Subpoena or Comply with this Court's Order.

As set forth in detail in Movants' initial Motion to Compel (DE 1), Movants spent more than a year attempting to serve the Subpoena on Ms. Wren before they succeeded in personally serving her on May 21, 2024.  On September 5, 2024, after Ms. Wren failed to respond to the subpoena and follow-up correspondence, Movants sought relief in this Court.  (DE 1)

On September 11, 2024, this Court ordered Ms. Wren to secure counsel or advise the Court of her intent to proceed *pro se* and directed Movants to serve Ms. Wren with the initial Motion to Compel and Court's Order.  (DE 3)  Movants attempted to serve Ms. Wren but were unsuccessful. (DE 5)  On October 2, 2024, this Court entered an Order directing the U.S. Marshals to serve Ms. Wren with Movants' initial Motion to Compel, as well as other related filings and orders (together, the "Subpoena Materials").  (DE 6)

The U.S. Marshals successfully personally served Ms. Wren with the Subpoena Materials on February 7, 2025.  (DE 12)

After being served (again), Ms. Wren made no appearance in this case and did not contact Movants' counsel.  *See* **Exhibit 7** at ¶4 (Declaration of E. Honkonen).  Therefore, on April 4, 2025, Movants sent a letter to Ms. Wren via certified U.S. Mail asking for her response by Tuesday,

April 15, 2025.[3] *See* **Exhibit 5** (without exhibits).  Ms. Wren did not respond to either the Subpoena or the letter.

Accordingly, on April 24, 2025, Movants filed a *Renewed* Motion to Compel.  (DE 15)  On April 29, 2025, the Court entered an Order granting the *Renewed* Motion to Compel (DE 16) (the "Order to Produce").  In the Order to Produce, the Court (i) found that Respondent had waived any objections to the Subpoena; and (ii) ordered that "[o]n or before **May 16, 2025**, Respondent **SHALL PRODUCE** to Movants all responsive documents that fall within the scope of Movants' subpoena (DE 15-1)." (emphasis in original).  On April 29, 2025, the same day that it was entered, undersigned counsel sent Ms. Wren a copy of the Order to Produce via U.S. Mail and by email. *See* **Exhibit 7** at ¶3.

As of the filing of this Motion, Ms. Wren has not produced any documents responsive to the Subpoena.  *See id.* at ¶4.   Nor has Ms. Wren contacted undersigned counsel to make any arrangements to produce documents in response to the Subpoena.  *See id.* at ¶4.

## II.    The Court Should Hold Ms. Wren in Contempt.

"The court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  A district court further has the inherent power and authority to punish by fine or imprisonment, or both, a person for disobeying its lawful order.  *See* 18 U.S.C. § 401(3).

"In a civil contempt proceeding, the moving party must present 'clear and convincing' evidence that the court's order was violated. . . . Once the moving party makes [a] prima facie

---

[3]  Movants received the return of service reflecting that the letter was delivered on April 15, 2025. *See* **Exhibit 6**.

showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a 'present inability to comply that goes beyond a mere assertion of inability. . . .'" *Melikhov v. Drab,* No. 2:19-cv-248, 2019 WL 4635548, *3 (M.D. Fla. Sept. 24, 2019) (quoting *Howard Johnson Co., Inc. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir. 1990) (cleaned up and internal quotations omitted)).

Movants have demonstrated through clear and convincing evidence set forth above that Ms. Wren has not complied with either the Subpoena or the Court's Order to Produce.[4]  Accordingly, the burden now shifts to Ms. Wren to show a present inability to comply with the Subpoena and the Court's Order to Produce that goes beyond a mere assertion of inability.

If and when it finds Ms. Wren in contempt, the Court has broad discretion to fashion a sanction "to ensure compliance, as long as the sanctions are not greater than necessary." *Melikhov,* 2019 WL 4635548 at *4.  Such civil contempt sanctions generally include "a fine and/or confinement levied against the party held in contempt." *Id.* (citing *In re Dinnan,* 625 F.2d 1146, 1149 (11th Cir. 1980)).

## III.   Conclusion

For these reasons, Movants respectfully request that this Court enter an Order (i) finding Respondent Caroline Wren in contempt;  (ii) directing Ms. Wren to produce all documents responsive to the Subpoena within ten (10) days of the Court's Order; (iii) advising Ms. Wren that further failure to comply may result in sanctions against her, including imposition of a fine and possible confinement; and (iv) order such other relief the Court deems appropriate.

---

[4] For the reasons set forth therein, the Order to Produce is a valid and lawful order.  In addition, the Order to Produce is clear, definite, and unambiguous. *See Melikhov,* 2019 WL 4635548 at *3 (citation omitted).

## <u>CERTIFICATION PURSUANT TO S.D. FLA. L. R. 7.1(a)</u>

Undersigned counsel hereby certifies that, in addition to the multiple attempts prior to filing Movants' Renewed Motion to Compel on April 24, 2025, undersigned counsel attempted to contact Respondent Caroline Wren on June 16, 2025, at 9:05 a.m., via email to both known email addresses for her, to try to resolve the relief requested in this Motion for Contempt and Sanctions. As of the filing of this Motion, Respondent has not responded to that email.

Dated: June 17, 2025

Respectfully submitted,

*/s/ Elizabeth B. Honkonen*
Elizabeth B. Honkonen (FBN 0149403)
SPERLING KENNY NACHWALTER, LLC
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
ebh@sperlingkenny.com