**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-81074-MC-MIDDLEBROOKS

CONRAD SMITH, et al.,

    Movants,

v.

CAROLINE WREN,

    Respondent.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court on Movants' Motion for Contempt and Sanctions Against Respondent, filed on June 17, 2025. (DE 17). No Response has been filed, and the deadline to do so has passed. (DE 18).

Movants request that Respondent be held in contempt for failing to abide by the Court's Order to Compel (DE 16), which instructed Respondent to comply with a duly issued subpoena in the matter of *Smith, et al. v. Trump, et al.*, Case No. 21-cv-02265-APM (D.D.C.) (the "Underlying Action" or "Smith"). "The court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Once a moving party presents clear and convincing evidence that a court's order was violated, the alleged contemnor must make a showing of "[their] inability to comply that goes beyond a mere assertion of inability." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). If the contemnor fails to make an adequate showing, they may be held in civil contempt, for which a court has broad discretion to fashion a sanction. Common sanctions include a fine and/or confinement levied against the party held in contempt. *See In re Dinnan*, 625 F.2d 1146, 1149 (11th Cir. 1980)).

The Motion appears to set forth a meritorious basis to hold Respondent in contempt. I ordered Ms. Wren to file a response by June 23, 2025, but she has failed to do so. Before holding her in contempt, and to assist in determining what sanctions, if any, are appropriate, I will give Respondent Wren one last chance to explain what appears to be her deliberate refusal to comply with the subpoena and the Court's prior Orders, which have constituted a "pattern of disregard and non-engagement". (DE 18). Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) On or before **July 7, 2025**, Respondent Wren shall **SHOW CAUSE** in writing as to why she should not be held in contempt pursuant to Movants' request.

(2) The Parties **SHALL APPEAR** at a hearing by **Zoom** on **July 9, 2025, at 10:00 A.M.**, to present argument on the Motion for Contempt and Sanctions. The Parties should be prepared to discuss whether holding Respondent in contempt is supported by the facts of this case, and what sanctions, if any, would be appropriate.

  a. **Zoom Information**: Meeting ID: 161 118 9447; Passcode: 551211.

(3) Respondent is advised that failure to comply with this Order may result in her being held in contempt without the benefit of counterargument, and sanctions could be imposed.

(4) Movants **SHALL SERVE** a copy of this Order on Respondent via email and certified U.S. Mail within 48 hours, and file a Notice in the court record confirming the time and manner in which service was accomplished.

**SIGNED** in Chambers at West Palm Beach, Florida, this 26th day of June 2025.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record