UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81074-MC-MIDDLEBROOKS

CONRAD SMITH, et al.,

    Movants,
v.

CAROLINE WREN,

    Respondent.
_____/

**ORDER ON MOTION FOR CONTEMPT**

**THIS CAUSE** is before the Court on Movants' Motion for Contempt and Sanctions Against Respondent, filed on June 17, 2025. (DE 17). No Response has been filed, and Respondent did not attend the virtual hearing on the instant Motion, which was held on July 9, 2025. (DE 20).

This matter arises from an out-of-district subpoena. Movants are United States Capitol Police Officers who suffered injuries as a result of the January 6, 2021 attack on the United States Capitol. Movants have filed an against Donald J. Trump, Trump's 2020 presidential campaign, and others for their roles in connection with the January 6 attack. *Smith, et al. v. Trump, et al.*, Case No. 21-cv-02265-APM (D.D.C.) (the "Underlying Action" or "Smith"). In the Underlying Action, Movants obtained a subpoena against Respondent Wren, a non-party Republican fundraiser who was involved in organizing the Save America Rally on January 6. Movants allege that Ms. Wren possesses information relevant to the Underlying Action, including "documents regarding the Rally, including planning the programming, fundraising, communications about planning, the VIP section, security, and encouraging attendance." (DE 15; DE 15-1).

After the court in the Underlying Action issued a subpoena to Respondent Wren, Movants "spent more than a year attempting to serve the [s]ubpoena" on her, before finally succeeding on

May 21, 2024. (DE 15 at 4; DE 1). Movants filed this action on September 5, 2024, after Respondent failed to respond to the subpoena or reply to Movants' follow-up correspondence. On September 11, 2024, I ordered Respondent to secure counsel or advise the Court of her intent to proceed pro se by September 18, 2024. (DE 3). After Movants unsuccessfully attempted to serve my Order and a copy of their Motion to Compel on Respondent, I directed the U.S. Marshals to serve Respondent. (DE 6). The Marshals successfully served Respondent on February 7, 2025. (DE 12). On April 24, 2025, Movants filed a Renewed Motion to Compel, which I granted on April 28, 2025. (DE 16). In my Order, I instructed Respondent to comply with Movants' subpoena on or by May 16, 2025. Now, Movants request that I hold Respondent in civil contempt, as she has failed to comply with my Order or otherwise contact Movants' counsel.

"The court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). A district court further has the inherent power and authority to punish by fine or imprisonment, or both, a person held in contempt for disobeying its lawful order. *See* 18 U.S.C. § 401(3). Once a moving party presents clear and convincing evidence that a court's order was violated, the alleged contemnor must make a showing of "[their] inability to comply that goes beyond a mere assertion of inability." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). If the contemnor fails to make an adequate showing, they may be held in civil contempt, for which a court has broad discretion to fashion a sanction in order to spur compliance. Common sanctions include a fine and/or confinement levied against the party held in contempt. *See In re Dinnan*, 625 F.2d 1146, 1149 (11th Cir. 1980)).

Here, Respondent Wren was initially served with the subpoena on May 21, 2024. After failing to either object or adequately respond, Respondent was again served with the subpoena

pursuant to this action on February 7, 2025. Respondent has still failed to appear, respond to the subpoena, or heed this Court's instructions to secure counsel or appear pro se. She has also failed to comply with the Court's Order to Compel (DE 16) and Order to Show Cause (DE 20), and has not made any attempt to explain her refusal to engage in proceedings. This "pattern of disregard and non-engagement" has unduly delayed proceedings in the Underlying Action and deprived Movants of the fair and full access to discoverable material to which they are entitled. I will therefore hold Respondent in civil contempt, and impose a daily monetary fine until Respondent complies. If these fines prove ineffective, I will consider additional steps to spur her compliance.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Movants' Motion for Contempt and Sanctions (DE 17) is **GRANTED**.

(2) Respondent Caroline Wren is hereby **FOUND IN CIVIL CONTEMPT** for failure to abide by the Court's instructions issued in its Order to Compel (DE 16).

(3) Until Respondent produces all responsive documents that fall within the scope of Movants' subpoena (DE 15-1), Respondent **SHALL PAY** a daily fine of **$2,000.00**.

(4) Respondent is advised that failure to comply may result in additional sanctions, **including possible confinement**.

(5) Movants **SHALL SERVE** a copy of this Order on Respondent via email and certified U.S. Mail. Movants **SHALL FILE** a notice with the Court **within ten (10) days** of the filing of this Order, informing the Court as to whether compliance has been achieved.

**SIGNED** in Chambers at West Palm Beach, Florida, this 9th day of July, 2025.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record