# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CONRAD SMITH, DANNY MCELROY, BYRON EVANS, GOVERNOR LATSON, MELISSA MARSHALL, MICHEAL FORTUNE, JASON DEROCHE, and REGINALD CLEVELAND,<br><br>*Movants*,<br><br>v.<br><br>CAROLINE WREN,<br><br>*Respondent*. | Case No. 9:24-mc-81074-DMM<br><br>Re: Civil Action No. 1:21-cv-02265, Action pending in the United States District Court for the District of Columbia, Hon. Amit P. Mehta |

## **DECLARATION OF ELIZABETH B. HONKONEN**

Pursuant to 28 U.S.C. §1746, I, ELIZABETH B. HONKONEN, declare as follows:

1. My name is Elizabeth B. Honkonen. I am over the age of 18, and I reside in Miami-Dade County, Florida. The facts set forth in this declaration are true and are based on my personal knowledge and/or my review of records with which I am familiar.

2. I am employed by the law firm Sperling Kenny Nachwalter, LLC (the "Firm"). The Firm's office at 1441 Brickell Avenue, Suite 1100, Miami, Florida 33131, is the designated location for production pursuant to the Subpoena served on Caroline Wren by Plaintiffs in *Smith, et al. v. Trump, et al.*, Case No. 21-cv-02265-APM (D.D.C.) ("*Smith*") (the "Subpoena").

3. I previously submitted a Declaration dated June 17, 2025 (DE 17-7). My Declaration today is intended to supplement my June 17, 2025 Declaration.

4. At 4:56 p.m. on July 9, 2025, Ms. Wren emailed me with documents. In her cover email, Ms. Wren advised, "Here's everything my attorney sent to the January 6 committee and the DOJ."

5. On August 12, 2025, using the same email address that Ms. Wren used to transmit her production, I wrote to Ms. Wren identifying certain known discrepancies in Ms. Wren's

production and requesting information about the search she conducted for documents responsive to the Subpoena. We received no response.

6. On September 23, 2025, again using the email address that Ms. Wren used to transmit her production, I again wrote to Ms. Wren to try to resolve the issues with her production without the Court's involvement. We received no response by the requested response date of September 30, 2025.

7. On October 1, 2025, Movants filed a Notice of Respondent's Non-Compliance with the Court. (DE 25).

8. On October 6, 2025, Ms. Wren produced the subpoenas she received from the DOJ and the January 6 Committee, as well as two videos that we specifically identified as being missing from her production. She did not provide any information in response to our inquiry about the search she conducted for responsive documents.

9. On October 13, 2025, I again wrote to Ms. Wren about her search for documents and advised that Movants would seek this Court's leave to take her deposition regarding her search.

10. On October 29, 2025, Ms. Wren called me, stated that everything Movants sought with their Subpoena had already been requested by the DOJ and January 6 Committee, and asked that we identify with specificity the requests and information that we believe had not been produced previously to the DOJ and January 6 Committee.

11. Thereafter, our office re-reviewed Ms. Wren's document production and compared Movants' Subpoena to the requests from the DOJ and January 6 Committee. Based on our review, I sent Ms. Wren a detailed letter on November 21, 2025 that: (i) identified differences between the Movants' Subpoena and the DOJ and January 6th Committee subpoenas previously issued to Ms. Wren; (ii) repeated Movants' request for information regarding the

2

sources Ms. Wren searched and the search terms she used for her prior productions to the DOJ and January 6th Committee; and (iii) sought confirmation that she had produced all documents responsive to Movants' Subpoena. We requested a response by December 3, 2025.

12. On December 10, 2025, Ms. Wren sent an email in response to the November 21, 2025 letter. In her email, Ms. Wren did not provide or agree to provide the information we had requested regarding the search terms and sources for her production. Instead, she accused us of misstating the contents of her production and lying to the Court.

13. On December 16, 2025, we responded to Ms. Wren's email, including her accusations, which we believe are misplaced. We reiterated our request for Ms. Wren to identify the prior search terms and sources. We also asked to speak with Ms. Wren prior to filing their December 18, 2025 Status Report. Ms. Wren did not respond.

14. In the December 18, 2025 Status Report (DE 31), we advised the Court that, on or before January 8, 2026, absent Ms. Wren's written agreement to provide the requested source and search information by an agreed-upon date, Movants intend to seek further relief from the Court. We served that Status Report upon Ms. Wren via U.S. mail and email. In addition, I emailed Ms. Wren on January 7, 2026, reiterating our intention to seek her deposition regarding her production.

15. As of the submission of this Declaration, Ms. Wren has not agreed to provide the requested source and search information.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2026.

ELIZABETH B. HONKONEN